**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DAVID ROEPKE AND** | § | |
| **UCHE OGWUDU INDIVIDUALLY** | | |
| | | |
| *PLAINTIFFS* | | |
| | § | |
| **vs.** | § | **WA: 1:26-CV-493** |
| | § | |
| **CHRISTOPHER ALDRIDGE** | § | |
| **HARRY GIBBS AND VISTA RIDGE** | | |
| **STORE LLC** | | |
| | | |
| *DEFENDANTS* | | |

## PLAINTIFFS ORIGINAL COMPLAINT

**TO THE HONOROBALE JUDGE OF SAID COURT:**

Plaintiffs hereby allege as follows:

### INTRODUCTION AND NATURE OF THE CASE

1.This case arises from the Defendants' unlawful solicitation of investors and sale of unregistered securities in connection with a real estate investment syndication involving the acquisition of a 5.057-acre tract in Jarrell, Williamson County Texas. Investors were told they would receive shares in an entity, Vista Ridge Store LLC. Defendant Christopher Aldridge as head of the effort assisted by Harry Gibbs acted as unregistered broker-dealers, sold unregistered securities, made material misrepresentations and omissions, engaged in deceptive trade practices and similar conduct prohibited by federal securities law, the Texas Securities Act, Texas Common Law and the Texas Deceptive Trade Practices Act. (DTPA).

2. Plaintiffs seek rescission, damages, statutory remedies, treble damages, attorney fees, and all other relief available under Federal and State Law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Sec 1331, because Plaintiffs assert claims under the Securities Act of 1933, and 1993 (the Securities Act) 15 U.S.C. section 77a et seq and the Securities Exchange Act of 1934 (the Exchange Act), 15 USC Sec 78a et seq.

4. The claims asserted herein arise under Section 11 of the Securities Act, 15 U.S.C. Sec. 77k, and Sections 10 (b)and 14 (a )of the Exchange Act, 15 U.S.C. sec. 78j and 78n and Rule 10b-5 promulgated by the Securities and Exchange Commission (the SEC), 17 C.F.R. Sec 240, 10b-5 and pursuant to state common and statutory law.

5. This Court has supplemental jurisdiction over the subject matter of the action pursuant to 28 U.S.C. Sec 1367.

6. Venue is proper under 28 USC Sec 1391 (b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and the Defendant transacted business in Williamson County with Keller Williams Realty. Defendants operated their real estate venture primarily out of an office in Georgetown, Texas, carried out this investment syndication venture based in Williamson County, committed tortious acts withing the District, purchased possessed and sold the property in question located in Willimson Couty, Texas, breached contractual obligations and failed to perform promised acts all withing the District. Moreover, Defendants engaged in and continue to engage in substantial activity within the District.

7. In connection with the acts and conduct alleged in this complaint, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the mails, telephone communication and the internet.

## THE PARTIES

8. Plaintiff David Roepke is an individual residing in Bell County, Texas.

9. Plaintiff Uche Ogwudu is an individual residing in Texas.

10. Defendant Christopher Aldridge is an individual who may be served at 2405 Dip CV, Austin, Texas.

11. Vista Ridge Store LLC is a limited liability company registered in the State of Texas and may be served through their registered agent Vista Ridge corners Partners LLC, at 1003 S. Austin Avenue, Georgetown, Texas or through their President Christopher Aldridge.

12. Harry Gibbs is an individual who may be served at 1003 S. Austin Avenue, Georgetown, Texas.

## FACTUAL ALLEGATIONS

13. Defendants organized, promoted, and controlled a real estate investment syndication individually and through an entity they had set up to acquire a 5.057 acre tract in Jarell Williamson Cunty Texas and began soliciting funds and offering shares for the purpose of acquiring the tract (the offering) and ultimately raised $850,000.00 including $85,000 from David Roepke and $25,000.00 from Uche Ogwudu.

14. Defendants Individually and through their agents represented the funds raised would be used for the acquisition and development of that certain 5.057-acre tract and solicited funds by emails, text messages, phone calls, online presentations and other interstate communications.

15. Defendants represented that investor funds would be used exclusively for acquisition of the 5.057 acre tract and then be developed by selling the valuable corner portion to return investor capital and then developing the rest or acquiring adjoining property to develop all over a 3–5-year period.

16. Defendants Gibbs and Aldridge failed to disclose they already owned an interest in the 5.057- acre tract to be purchased and that they would profit from the sale of the property when purchased with investor funds.

17. Defendants promised paperwork that would explain the investment, the solicitor's compensation, commissions or other enumeration tied to the sale of the investment interest.

18. Defendant were not registered with the S.E.C. or FINRA as a broker or dealer.

19. Defendants failed to provide Plaintiffs with a Private Placement Memorandum, risk disclosures, or any written materials required for a Regulation D private offering at time of investment. Defendants did attempt to correct this deficiency after the fact but only after they had been sent demand letters and sued by some of the investors in state court. The PPM was not adequate, was prepared too late, differed from the representations made at solicitation, and amounted to a rescission offer. The offer was not a true rescission offer in that Defendants have demanded and sued for attorney fees from those who did accept the offer. Plaintiffs did not accept the offer.

20. Defendant made material misrepresentations and omissions regarding the financial condition of the project, the use of and diversion of investor funds, misrepresented their qualifications and experience, misrepresented projected returns, conflicts of interest, the status of the property acquisition and risks associated with the investment.

21. Plaintiffs relied on Defendants' representations including misrepresentations.

22. Defendants conduct violated Federal Securities Law, The Texas Securities Act, Texas Common Law and the Texas Deceptive Trade Practices Act Sec. 17.41 et seq.

## CAUSES OF ACTION

*COUNT 1- Sale of Unregistered Securities*

22a. Plaintiffs incorporate all proceeding allegations and repeats and incorporates by reference paragraphs 1-21 of this complaint as if set forth herein.

23. Defendants offered and sold securities to Plaintiffs without filing a registration statement and without qualifying for an exemption.

24. Defendants' failure to provide a timely Private Placement Memorandum and failure to timely comply with regulation D renders the offering unregistered and unlawful at the time they were sold.

25.  By engaging in the conduct described above Defendants violated Sections 5 (a) and 5(c) of the Securities Act, 15 U.S.C. Sec 77e (a)

26.  Plaintiffs are entitled to recission and return of all consideration paid, plus interest.

*COUNT 2- MATERIAL MISSTEMENTS AND OMISSIONS*

*Securities Act Sec 5 and Sec. 12 (a) (1)*

27. Defendants used interstate communications to solicit Plaintiffs and made untrue statements of material fact and omitted material facts necessary to make statements not misleading

28. Plaintiffs relied on these misstatements in purchasing the securities.

29. Plaintiffs are entitled to damages, treble damages and attorney fees.

*COUNT 3 – SECURITIES FRAUD - Exchange Act Sec. 10 (b) and Rule 1b-5*

30. Defendants employed a scheme individually, jointly, directly, indirectly or in concert with others to make material mis-statements and omitted material facts in connection with the sale of securities, including but not limited to the fact they owned an interest in the property they were soliciting funds to purchase.

31. Defendants acted knowingly, recklessly, or with severe indifference to the truth. Further Defendants engaged in practices and in light of the circumstances under which they were made engaged in acts or practices and a course of business which operated as a fraud or deceit upon purchasers, prospective purchasers or other persons.

32. Plaintiffs suffered damages as a direct result including attorney fees.

*COUNT 4- COMMON LAW FRAUD*

33. Defendants made material misrepresentations and concealed material facts. The purchase of the 5.057 acre Jarrell Property closed on November 26, 2024, with the use of solicited investor funds in the name of Vista Ridge LLC. The Defendants not only failed to disclose to investors the details of the purchase, but in fact explicitly denied purchasing the property and attempted to fraudulently conceal purchase of the property from investors. Defendant Aldridge further failed to disclose to investors Vista Ridge Store LLC had become the record owner of the "5.057 acre Jarrell Property," in addition to failing to disclose existence of conflicts of interest with himself and Vista Ridge managing member Harry Gibbs, who were partial owners of the purchased property (a seller on the November 26, 2024, transaction), at the same time they were a managing member of Vista Ridge Store LLC.

34. Defendants further in an attempt to obtain control of the property for themselves to further profit attempted to return investor funds without interest and made false and fraudulent

misrepresentations and other remarks about the 5.057-acre tract ("Jarrell Property") including expressly false statements alleging (the Jarrell Property) was not going to be purchased "despite the fact the "Jarrell Property" had already been purchased. At least one investor fell for the representation. If successful Defendant Aldridge unconscionable conduct effectively was fraud and effectively amounted to a one-year interest free loan and denied Plaintiffs and investors the benefit of the bargain of their investment.

35. Defendants ultimately sold the 5.057 acre property over objections of Plaintiffs but have made no distributions to Plaintiffs, given Plaintiffs any details of the sale, and have not given any indication they intend to make any distributions to Plaintiffs despite Plaintiffs demand for an accounting.

36. Plaintiffs assert such acts constitute fraud, misrepresentation of material facts, and is a violation of fiduciary duties owed to Plaintiffs, and other investors. The misrepresentation and concealment further violate Texas Occupation Code 1101.805, sections (a-f ) et seq. Defendants knew the statements were false or made them recklessly.

37. Plaintiffs relied on the misrepresentation and suffered injury.

38. Plaintiffs seek actual damages, exemplary damages and all other related relief available by law.

*COUNT 5- BREACH OF FIDUCIARY DUTY*

39. Defendants as managing members of Vista Ridge LLC, promoters, and controller of investor funds owed fiduciary duties to Plaintiffs.

40. Defendants breached those duties by concealing material information, self-dealing, failure to disclose conflicts, mismanaging the investment and selling the property without Plaintiffs' consent and in contrast to the manner he proposed at solicitation. Further such fraud is in addition to other causes of action and are a violation of TREC rules and a violation of fiduciary duties owed to investors. Christopher Alridge and his co-conspirator Harry Gibbs as CCIM and licensed real estate agents owed an even higher standard, breaching their duties as licensed real estate agents.

### COUNT 6- TEXAS DECEPTIVE TRADE PRACTICES ACT

*(Tex. Business and Commerce Code Sec. 17.41 et seq)*

41. Plaintiffs are consumers under the DTPA and all prerequisites including notice have been provided.

43. Defendants engaged in false, misleading, and deceptive acts and practices including misrepresenting the investment, failing to disclose risks, misrepresenting qualifications and engaging in unconscionable conduct. In addition, or in the alternative Defendants violated the DTPA as to David Roepke and Uche Ogwudu, in that the actions described above involve false misleading or deceptive acts or practices that Plaintiffs relied on to their detriment.

44. Defendants engaged in unconscionable conduct or a course of action that to Plaintiffs' detriment took advantage of their lack of knowledge, skill, ability, experience or capacity to a grossly unfair degree.                                   .

45. As a result of the Defendants' deceptive trade practice violations, breach of the above agreements and fraud of Defendants, all of which was a producing cause of the Consumer Plaintiffs damages, economic and otherwise. Plaintiffs are entitled to damages and payment from

Defendants individually, and for unlawful actions representing to be a controlling member of Vista Ridge Store LLC.

46. Defendants acted knowingly, which entitles Plaintiffs to recover treble economic damages under Texas Business and Commerce Code Sec. 17.50 (b) (1).

47. Plaintiffs are entitled to other damages including reasonable and necessary attorney fees and equitable relief as allowed by law.

48. All conditions precedent to Plaintiff's claim for relief have been performed or occurred.

49. Defendants' conduct was a producing cause of Plaintiffs damages.

50. Defendants acted knowingly or intentionally entitling Plaintiffs to treble damages.

## DAMAGES

51. Plaintiffs seek recission, actual damages, statutory damages, treble damages, exemplary damages, disgorgement, prejudgment and post judgment interest, attorney fees, costs, and all other relief to which they are entitled.

## JURY DEMAND

53. Plaintiffs demand a trial by Jury.

## PRAYER

WHEREFORE Plaintiffs respectfully request Judgment against Defendants, and each of them Jointly and Severally as follows:

54. Award damages, compensatory, rescission, nominal, exemplary, treble, along with prejudgment and post judgment interest

55. Award all expenses of litigation including reasonable and necessary attorney fees, epert fees, and other related costs and disbursements.

56. Awarding Plaintiffs punitive and or exemplary damages, including disgorgement of profits received by the defendants from the transactions complained of and

57. Awarding such other and further relief to which they may be entitled.

Respectfully submitted,

Law Office of Brian L. Gibson

By: *Brian L. Gibson*

Brian L. Gibson
TBA 07860400
7215 Bosque Blvd
Waco, Texas 76701
(254) 366-4577-tel.
(888) 235-3141-fax